### GEORGE JONES *v.* DANIEL BYRNE.

The second endorser of a promissory note, put into the hands of the plaintiff as collateral security for a greater amount than the sum advanced, is equally bound with the payee to a depositary, for the money lent upon it, with interest ; and would have been bound to any *bona fide* transferree of the note before maturity, by allowing his endorsement to be put in circulation.

APPEAL from the District Court of the Parish of Madison, *Farrar*, J. C. *Janin*, for plaintiff. A. R. *Hynes*, for defendant and appellant.

BUCHANAN, J. Plaintiff, as holder at maturity, sues defendant as second indorser of a promissory note for $317, dated 1st May, 1852, payable six months after date, made by one *Gorton*, to the order of, and indorsed by *H. J. Williams*, and by defendant ; which note was duly protested at maturity for non-payment, and the defendant duly notified.

The defence is, that the indorsement by defendant was for the accommodation of the payee, and was known to be such by plaintiff, and that said note was placed in possession of plaintiff by the payee, as collateral security for a debt of a less

sum than the face of the note, and was not received by plaintiff in the regular and ordinary course of business. Annexed to this answer, are interrogatories propounded by defendant to plaintiff. To these interrogatories plaintiff answers, that the note sued on was put in his hands by the payee, as security for the repayment of a loan, with interest at eight per cent. from date of the loan ; which loan was made by plaintiff to said payee on or about the date of the note sued on. The amount of the loan was one hundred and fifty-six dollars.

From the answers to interrogatories, which constitute the whole evidence (beside the note, protest and notices) in the case, it appears that the note in question was delivered to plaintiff by the payee and first indorser, on the day of its date, with the indorsement of the defendant upon it, for the purpose of raising money upon it ; and that money was so raised, not by an assignment or transfer of the note, but by a deposit of it in the hands of the furnisher of the funds, plaintiff herein, to serve as security for the restitution of the funds thus furnished.

The defendant has allowed his indorsement to be put in circulation by the payee, and would undoubtedly be bound to any *bona fide* transferee of the note before maturity. He is also bound to a *bona fide* depositary or pledgee, like the plaintiff. But we think that his liability to the latter will be satisfied by the discharge of the debt for the security of which the note has been deposited with him.

It is, therefore, adjudged and decreed, that the judgment of the Court below be affirmed, with the following amendment : that the defendant and appellant shall be entitled to have satisfaction of this judgment entered by paying into the hands of the Sheriff one hundred and fifty-six dollars, with interest on said sum at the rate of eight per cent. per annum from the first May, 1852, until paid, and costs of the District Court ; the cost of this appeal to be paid by appellee.